UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD F. BALS,<br><br>  Plaintiff,<br><br>  v.<br><br>METEDECONK NATIONAL GOLF CLUB, INC.,<br><br>  Defendant. | Civil Action No. 09-4861 (MLC)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge,**

Presently before the Court is Defendant Metedeconk National Golf Club, Inc.'s ("Metedeconk") Motion to Disqualify Durkin & Durkin, LLP ("Durkin & Durkin") as counsel for Plaintiff Edward F. Bals ("Bals"). The Court has fully reviewed the parties' arguments made in support of and in opposition to Metedeconk's Motion, and considers the Motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, Metedeconk's Motion is DENIED.

**I.  Background**

This litigation stems from Bals' claims that Metedeconk discriminated against him on the basis of age. Bals alleges that Metedeconk violated the Age Discrimination in Employment Act (29 U.S.C. §621, *et. seq*.). Bals was a seasonal employee of Metedeconk between the years of 1992 and 2007. In 1995, Bals was hired by Metedeconk as a full time valet-supervisor. During his time as an employee at Metedeconk, Bals also served as a caddie and worked private events for which he was paid a salary and earned tip income. In the fall of 2002, Metedeconk hired Jay Davis ("Davis") as its Manager whose duties included the hiring, discharging and supervising of Bals and other seasonal employees. Based on the alleged discriminatory conduct of Davis and

other Metedeconk employees between 2005 and 2007, Bals resigned as a Metedeconk employee in April of 2007.

Thomas E. Durkin, III ("Mr. Durkin"), the Senior Partner of Durkin & Durkin and a personal friend of Bals, is a former club member and board member of Metedeconk. Mr. Durkin served on the Board of Directors of Metedeconk through the end of 2003 and was a club member of Metedeconk until March of 2009. It appears from the papers submitted that Mr. Durkin had been affiliated with Metedeconk since its inception. Mr. Durkin was a board member at the time Davis was hired by Metedeconk in the fall of 2002. Mr. Durkin's resignation was acknowledged by Metedeconk and he is presently awaiting redemption of his membership certificate with no rights, voting or otherwise, nor any of the privileges associated with membership at Metedeconk. While Mr. Durkin awaits the redemption of his membership certificate, he retains the right to remove his name from the redemption list and reinstate himself to the active member list subject to Board discretion up until the time of redemption. Durkin & Durkin currently serves as counsel for Bals, although Mr. Durkin has not had and will not have any involvement in this matter other than introducing Bals to the lawyers in Durkin & Durkin who were initially handling this matter. Gregory Kotchick ("Mr. Kotchick") is currently the lawyer at Durkin and Durkin handling the case.

The instant motion to disqualify arises from the relationship between Metedeconk and Mr. Durkin. Metedeconk argues that Durkin and Durkin should be disqualified as Bals' Counsel because of various violations of the New Jersey Rules of Professional Conduct ("RPCs"). Metedeconk argues that because of a conflict of interest between Mr. Durkin and Metedeconk, Durkin & Durkin should be disqualified as counsel for Bals pursuant to sections 1.7 and 1.10 of

the RPCs. Metedeconk claims that Mr. Durkin has obtained confidential information about the Club, its employees, its finances, its legal representation and insurance strategies. Additionally, Metedeconk argues that Durkin & Durkin should be disqualified as counsel for Bals pursuant to RPC 3.7 because Mr. Durkin may be called as a witness in this case. Metedeconk believes that Mr. Durkin's knowledge and confidential information regarding the parties in this case may be relevant in a trial between these litigants and thus he may be called as a witness.

Bals opposes Metedeconk's motion. Bals argues that even though Mr. Durkin is a former club member and board member of Metedeconk, Metedeconk is not nor ever has been a client of Durkin & Durkin or any attorney at Durkin & Durkin. Bals further argues that Mr. Durkin currently has no personal interest in Metedeconk due to the fact that he has no rights or privileges associated with membership. Bals further argues that even if the Court were to find a conflict of interest, Durkin & Durkin would not need to be disqualified because Mr. Durkin has no involvement in the case. Similarly, Bals argues that Durkin & Durkin does not need to be disqualified due to the potential of Mr. Durkin being called as a witness because Mr. Durkin has no involvement in the case.

## II.     Analysis

In this District, questions of professional ethics are governed by L.Civ.R. 103.1(a), which provides that the RPCs are to be used to resolve same. See *Carlyle Towers Condo. Ass'n v. Crossland Sav.*, 944 F.Supp. 341, 345 (D.N.J. 1996). In interpreting the RPCs, the Court looks to New Jersey's state courts' interpretations of them as primary authority and modifies that interpretation when required or permitted by federal law. L.Civ.R. 103.1(a); *see Steel v. General Motors,* 912 F.Supp. 724 (D.N.J. 1995).

When considering a motion to disqualify counsel, the movant bears the burden of proving that disqualification is appropriate because the RPCs were violated. *See Maldonado v. New Jersey*, 225 F.R.D. 120, 136-37 (D.N.J. 2004). Further, the movant's burden is a heavy one as "[m]otions to disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Alexander v. Primerica Holdings, Inc.*, 822 F.Supp. 1099, 1114 (D.N.J. 1993) (quoting *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983) (internal quotation marks and citation omitted)). As a result, in determining whether to disqualify counsel, the Court must closely and carefully scrutinize the facts of each case to prevent unjust results. *See Montgomery Acad. v. Kohn*, 50 F.Supp.2d 344, 349 (D.N.J. 1999). Further, given the fact sensitive nature of motions to disqualify counsel, the Court cannot blindly apply the RPCs without any consideration of the parties' relative hardships. *Id*. (citing *Gould, Inc. v. Mitsui Mining & Smelting Co.*, 738 F.Supp. 1121, 1126 (N.D. Ohio 1990)). Instead, the Court must "balance the need to maintain the highest standards of the [legal] profession against a client's right to freely choose his counsel." *Steel*, 912 F. Supp. at 733 (internal quotation marks and citations omitted). However, if there is any doubt as to the propriety of an attorney's representation of a client, such doubt must be resolved in favor of disqualification. *Maldonado*, 225 F.R.D. at 137.

Here Metedeconk generally claims that Durkin & Durkin should be disqualified because they violated RPCs 1.7, 1.10, and 3.7. These arguments are addressed in turn below.

### A. Disqualification under RPCs 1.7 and 1.10

New Jersey's courts have held that "[o]ne of the most basic responsibilities incumbent on a lawyer is the duty of loyalty to his or her clients. From that duty issues the prohibition against

4

representing clients with conflicting interests." *Matter of Opinion No. 653*, 132 N.J. 124, 129 (1993); *accord In re Opinion 682*, 147 N.J. 360, 368 (1997). The RPCs codify this ethical duty in RPC 1.7, which requires an attorney uphold to his client "undivided loyalty and allegiance." *Kramer v. Ciba-Geigy Corp.*, 371 N.J. Super. 580, 598 (App. Div. 2004) (internal quotation marks and citation omitted). Specifically, RPC 1.7 provides:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

Before an attorney will be disqualified due to a conflict under RPC 1.7(a)(1), the moving party must establish that an attorney-client relationship existed between the movant and attorney(s) at issue. Here, there is no dispute that neither Mr. Durkin nor any attorney at Durkin & Durkin ever represented Metedeconk. Therefore, there can be no violation of RPC 1.7(a)(1).

The only portion of RPC 1.7(a)(2) which could potentially apply to the case at hand deals with the "personal interests" of a lawyer. According to the rule, there must be a significant risk that a personal interest of the lawyer will materially limit the lawyer's responsibilities to a client. In applying this standard to the facts in this case, the Court sees no way in which Mr. Durkin's personal interest in Metedeconk would materially limit his representation of Bals. Mr. Durkin is no longer a member of Metedeconk and has not served on the Board of Directors of Metedeconk

since 2003. Mr. Durkin has no rights, voting or otherwise, nor any of the privileges associated with membership at Metedeconk. Simply stated, Mr. Durkin is waiting for Metedeconk to redeem his membership certificate. While Mr. Durkin may retain the right to remove his name from the redemption list and reinstate himself to the active member list subject to Board discretion up until the time of redemption, the Court is unconvinced that this would create a substantial risk that Mr. Durkin would be materially limited in his representation of Bals. Further, even if the Court were convinced that Mr. Durkin had a personal interest in Metedeconk which would substantially limit his representation of Bals, such a conflict would not bar representation by Durkin & Durkin because RPC 1.10 provides that

> when lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by R.P.C. 1.7 or 1.9, *unless the prohibition is based on a personal interest of the prohibited* lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm (emphasis added).

Therefore, any personal interest based conflict Mr. Durkin might have would not be imputed onto Mr. Kotchick as long as there is not a significant risk that the Mr. Kotchick would be materially limited in his representation of Bals. As the Court does not find any reason that Mr. Kotchick would be materially limited in his representation of Bals, disqualification pursuant to RPC 1.7 and 1.10 is not warranted.

### B. Disqualification under RPC 3.7

RPC 3.7 provides that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

>> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by RPC 1.7 or RPC 1.9.

Mr. Kotchick, Bals' attorney who will be acting as his advocate at trial, does not have any reason to be called as a witness at trial. Therefore, RPC 3.7(a) does not apply to the case at hand. Moreover, even if Mr. Durkin is likely to be called as a witness, RPC 3.7(b) provides Mr. Kotchick with permission to act as an advocate at trial for Bals because RPC 1.7 and RPC 1.9 do not preclude the representation of Bals in this matter.

### C.     Appearance of Impropriety

Metedeconk argues in the alternative that Durkin & Durkin should be disqualified as counsel for Bals' because of the "appearance of impropriety" doctrine. In 2003 the New Jersey Rules of Professional Conduct were amended to strike the "appearance of impropriety" provision (R.P.C. 1.7(c)(2) repealed). Both the New Jersey Supreme Court and the United States District Court for the District of New Jersey have recognized this change in the rules and have declined to apply appearance of impropriety as a basis for attorney disqualification. *See Pallon v. Roggio*, 2006 WL 2466854, 2006 U.S. Dist. LEXIS 59881, *26 (D.N.J. Aug. 23, 2006). In *In re Opinion 697*, the New Jersey Supreme Court specifically held that "the appearance of impropriety standard no longer retains any continued validity" as a basis for an ethics violation. 188 N.J. 549, 552-53 ( 2006).

## IV. Conclusion

For the reasons stated above, the Court finds that Metedeconk has failed to meet their burden in establishing a violation of the RPCs that would require the disqualification of Durkin & Durkin.  Therefore, Metedeconk's Motion to Disqualify Counsel is DENIED.  An appropriate Order follows.

Dated: March 30, 2010

                                          s/Tonianne J. Bongiovanni
                                **HONORABLE TONIANNE J. BONGIOVANNI**
                                **UNITED STATES MAGISTRATE JUDGE**